IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONALD A. BELL, et al.,**

    Plaintiffs,

vs.                                                    Civ. No. 95-471 BB/LCS

**THE LEGAL ADVERTISING**
**COMMITTEE, et al.,**

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs' Motion to Compel Answers to its Interrogatories and Requests for Production, filed on June 5, 1998. The Court, having considered the pleadings, the arguments of counsel in a hearing conducted on July 23, 1998, and the applicable law, finds that the Motion is well-taken in part and it will be granted in part.

Plaintiff Bell is an attorney who has advertised extensively throughout New Mexico. The New Mexico Legal Advertising Committee found that Bell failed to comply with substantive and procedural aspects of the rules governing attorney advertising in the state. As a result, a charge was filed with the State Disciplinary Board. After conducting a hearing, the Disciplinary Board recommended that Bell's license be suspended for one year, though the suspension would be suspended as long as Bell complied with the rules . The New Mexico Supreme Court adopted the Board's recommendations.

In April of 1995, Bell and his law firm sued the Legal Advertising Committee, the Disciplinary Board, the Disciplinary Board Hearing Committee, the State Bar and the Board of

1

Bar Commissioners, and all of their members in both their individual and official capacities under 42 U.S.C. Sec. 1983, alleging violation of his first and fourteenth amendment rights, and seeking damages and injunctive relief. On June 16, 1997, the District Court dismissed their equitable claims against the agencies, and their damages claims against the individuals, leaving only their claims for injunctive relief against the individuals in their official capacities. Those claims are that the rules governing lawyer advertising should not be applied in the future because 1.) They are facially unconstitutional in several respects, both substantive and procedural; and 2.) They are applied in an unconstitutional manner, in part because they allow unfettered discretion and the members of the boards and committees who exercise that discretion are selected from a section of the practicing bar which is inherently biased lawyers who advertise. See Plaintiffs' More Definite Statement Identifying the Sections of the Legal Advertising Rules Which They are Challenging, filed on April 28, 1998.

Plaintiffs' Motion to Compel concerns Interrogatories and Requests for Production which sought evidence on the second issue. The Defendants refused to provide any discovery whatsoever on the grounds that, *inter alia*, the second issue is no longer in the case. Response to Plaintiffs' Motion to Compel Answers to His (sic) Discovery Requests, pp. 1-3, filed on June 22, 1998. In so contending, Defendants have incorrectly interpreted The District Court's May 15, 1998 Order which sustained Plaintiffs' objections to this Court's January 19, 1998 Order limiting the scope of discovery. In the January 19, 1998 Order, this Court had interpreted the earlier rulings in the case as eliminating all but two substantive challenges to the rules. However, the District Court, noting that the Plaintiffs' Complaint was phrased broadly, stated:

> To the extent Plaintiffs claim there are other substantive constitutional problems with the rules that have not already been addressed by this Court, Plaintiffs should have an opportunity to attempt to prove that those problems exist....Plaintiffs [also] appear to be raising additional procedural challenges to the rules... [t]o the extent Plaintiffs wish to raise arguments that are not the same as those addressed in [ *McDevitt v. Disciplinary Bd.,* CIV. 94-383 (D.N.M. March 25, 1996), *aff'd.*, 108 F.3d 341 (10th Cir. 1997)] they should be allowed to do so. Otherwise, however, this Court's opinion was intended to dispose of any claims or arguments identical to those already decided in *McDevitt.*

Order of May 15, 1998, p.2.

The present dispute arises because the District Court in *McDevitt* rejected a claim very similar to the Plaintiffs' second claim. The plaintiff in that case had argued that N.M. R. Prof. Conduct 16-706 and 16-707 violate the First Amendment because the Legal Advertising Committee is inherently biased. 94-383, slip op. at 9. The Court held: "Whether Plaintiff's contention is true is irrelevant, because...the Committee can exert no actual control over Plaintiff's speech." Id.  In the present case, Bell again challenges the constitutionality of the rules based upon the inherent bias of the Committee, but his claim is a due process claim under the Fourteenth Amendment, not a First Amendment claim. As such, it is not identical to the claim rejected in *McDevitt*, and therefore it is not precluded by the District Court's May 15, 1998 Order.  Accordingly, Defendants' objections to Plaintiffs' interrogatories and requests for production based on relevancy and admissibility are overruled.

Defendants also objected generally that since many of the individual defendants are no longer members of the state agencies, they are no longer parties and are not subject to discovery under Fed.R.Civ.P. 33 and 34.  Had Defendants desired this result, they should have moved to

substitute the names of the new members of the agencies.  Until then, the present individuals are parties for purposes of Rules 33 and 34.

Defendants' final general objection is that since the individual defendants are immune from liability for damages, they are shielded from the burdens of discovery.  As discovery is available for suits at equity, this objection is without merit and is overruled.

Defendants' remaining objections are specific to individual questions, and will be analyzed accordingly.  Those objections not mentioned herein are overruled. In analyzing the remaining objections with respect to the answers to interrogatories of Defendants Ramirez, Armijo et al., their objection to interrogatory No. 2 on grounds of vagueness is sustained in part; they need provide the requested information only for the time period from January 1, 1992 to the present.

Their objections to interrogatories Nos. 6 and 7 on grounds of overbreadth and confidentiality are sustained in part; the names of any attorneys subject to investigation or discipline will be redacted and not disclosed until further order of the Court, and Plaintiffs must, by August 18, 1998, narrow their request from its present "any and all documents".

Their objection to interrogatory No. 8 on grounds of overbreadth is sustained in part; Defendants need not describe any "other writings" besides the policies and guidelines.

Their objection to interrogatory No. 12 on grounds of overbreadth is sustained in part; Defendants need not identify and describe the role of persons involved in the dissemination of information about any of the matters described in Plaintiffs' Complaint, nor will they be required to identify any documents which reference or reflect actions taken by the defendants (other than when they acted in their official capacities) with respect to Bell or any of his ads.

Their objections to interrogatories Nos. 14 and 15 on grounds of confidentiality are

sustained in part; the names of any attorneys not members of the LAC or the Disciplinary Board will be redacted and not disclosed until further order of the Court.

With respect to Defendants Ramirez, Armijo *et al.*'s responses to Plaintiffs' requests for production ("RFPs"), their objection to RFP No.1 on the grounds of confidentiality is sustained in part; as to the minutes of the meetings, the names of any attorneys not members of the Board will be redacted and not disclosed until further order of the Court; as to tape recordings, because of the difficulty of redacting names from audiotape, the Defendants' will not have to produce the tapes at this time.

Their objections to RFPs Nos. 3 and 4 are sustained.

Their objections to RFP No. 8 on grounds of vagueness, overbreadth and confidentiality are sustained in part; they need only produce those documents from the time period from January 1, 1992 to the present. Furthermore, the names of the defendants therein and the names of the attorneys who are not members of the Board will be redacted and not disclosed until further order of the Court.

With respect to the answers to interrogatories of Defendants Houston, Allshouse *et al.*, their objections to interrogatories Nos. 2, 3 and 4 on the grounds of overbreadth is sustained in part; they need only identify ads submitted during the time period from January 1, 1992 to the present.

Their objections to interrogatories Nos. 5, 11 and 12 are sustained.

Their objections to interrogatory No. 14 on the grounds of overbreadth is sustained in part; They need not identify and describe the role of persons involved in the dissemination of information about the matters described in Plaintiffs' Complaint, nor will they be required to

identify documents which reference or reflect any action taken by the individual defendants (other than when they acted in their official capacities) with respect to Bell or any of his ads.

With respect to the responses of Defendants' Houston, Allshouse *et al.* to Plaintiffs' requests for production, their objections to RFPs Nos. 2 and 3 are sustained.

With respect to the answers to interrogatories of Defendant Ferrara, her objections to interrogatories Nos. 6 and 7 on grounds of confidentiality are sustained in part; the names of any attorneys will be redacted and not disclosed until further order of the Court.

Her objections to interrogatories Nos. 9 and 10 are sustained.

Her objections to interrogatory No. 12 are sustained in part; she need not identify or describe the role of any person involved in the dissemination of information about matters contained in Plaintiffs' Complaint, nor need she identify any documents describing, referencing or reflecting any action taken by the Defendants (other than when they were acting in their official capacities) with respect to Bell or any of his ads.

Her objection to interrogatory No. 14 on grounds of confidentiality is sustained in part; the names of any attorneys prosecuted will be redacted and not disclosed until further order of the Court.

With respect to Ferrara's responses to Plaintiffs' requests for production, her objections to RFP No.1 on grounds of overbreadth and confidentiality are sustained in part; the names of any attorneys appearing in the documents will be redacted and not disclosed until further order of the Court, and Ferrara need produce only documents for the time period from January 1, 1992 to the present.

Her objections to RFPs Nos. 2 and 3 are sustained.

Her objections to RFP No. 8 on grounds of overbreadth and confidentiality are sustained in part; the names of any attorneys appearing in the documents will be redacted and not disclosed until further order of the Court, and she need produce only documents from the time period from January 1, 1992 to the present.

Subject to the above qualifications, Plaintiffs' Motion to Compel is **GRANTED.**

**IT IS HEREBY ORDERED** that Defendants provide, by August 28, 1998, the information and documents specified in the Plaintiffs' Interrogatories and Requests for Production which were ruled upon herein.

**IT IS FURTHER ORDERED** that Plaintiffs amend, by August 18, 1998, Nos. 6 and 7 of their Interrogatories to Defendants Ramirez, Armijo *et al*.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE